CHRISTOPHER NORTON *v.* COMMISSIONER
OF CORRECTION
(AC 32434)

DiPentima, C. J., and Bear and West, Js.

Argued November 7, 2011—officially released January 10, 2012

*Robert T. Rimmer*, for the appellant (petitioner).

*Kathryn Ward Bare*, assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, former state's attorney, and *Marcia A. Pillsbury*, special deputy assistant state's attorney, for the appellee (respondent).

BEAR, J. The petitioner, Christopher Norton, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus.[1] On appeal, the petitioner claims that the court improperly denied his petition for certification to appeal because his claims of ineffective assistance of counsel had merit. Specifically, the petitioner claims that there was merit to his ineffective assistance claims because his trial counsel was ineffective for failing to (1) investigate witnesses, (2) have blood analysis conducted on a metal pipe and (3) discuss with the petitioner in a meaningful manner the petitioner's claim of self-defense. Additionally, the petitioner claims that the habeas court improperly analyzed the prejudice prong, as established by *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), of his ineffective assistance of counsel claims. We dismiss the appeal.

The record reveals the following relevant facts. The petitioner and his brother, Henry Gaines, after driving onto Oak Street in New Britain, got into an altercation with some individuals, including the sixteen year old victim, Juan Carlos Soto. From a distance of approximately ten feet, the petitioner shot Soto in the head. The petitioner and his brother thereafter fled the scene. As a result of this shooting, Soto became a quadriplegic, unable to move below his neck. On May 9, 2005, the petitioner entered guilty pleas to the charges of assault

---

[1] We note that the written transcript provided to this court by the petitioner contains only the oral decision of the habeas court rather than the complete habeas trial. The electronic version of the transcript provided to us, however, contains the trial in its entirety. Accordingly, we conclude that, despite the petitioner's failure to adhere strictly to our rules of practice; see Practice Book §§ 63-8 and 63-8A; the record provided is adequate for our review.

in the first degree in violation of General Statutes § 53a-59 (a) (1) and carrying a pistol without a permit in violation of General Statutes § 29-35. He also admitted to nine violations of probation for previous felony convictions. The court revoked the petitioner's probation and sentenced him to a total effective term of twenty-two years incarceration. The petitioner did not file a direct appeal from his conviction.

On February 25, 2009, the petitioner filed an amended petition for a writ of habeas corpus, alleging that his trial counsel had rendered ineffective assistance by failing to investigate witnesses, conduct blood analysis on a metal pipe and meaningfully discuss with the petitioner the petitioner's claim of self-defense. Following a trial on the merits of the petition, at which only two witnesses testified, namely, the petitioner and his criminal trial counsel, the habeas court, in a very thorough oral decision, denied the petition. The court, thereafter, denied the petition for certification to appeal. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the petitioner claims that the court abused its discretion in denying certification to appeal from its judgment denying his petition for a writ of habeas corpus. The petitioner argues that the court erred in rejecting his claims that trial counsel had rendered ineffective assistance. He further claims that the habeas court also utilized an improper standard when it analyzed prejudice pursuant to *Strickland-Hill*. There is no error.

"The standard of review for a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion and also that the decision of the habeas court should be reversed on the merits. . . . To prove an abuse of discretion, the

petitioner must demonstrate that the resolution of the underlying claim involves issues [that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Mock* v. *Commissioner of Correction*, 115 Conn. App. 99, 104, 971 A.2d 802, cert. denied, 293 Conn. 918, 979 A.2d 490 (2009). "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) Id., 103–104.

To prevail on the merits of a constitutional claim of ineffective assistance of counsel, a habeas petitioner must establish deficient performance and actual prejudice. See *Strickland* v. *Washington*, supra, 466 U.S. 687; see also *Hill* v. *Lockhart*, supra, 474 U.S. 59. For ineffective assistance claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland*, and for ineffective assistance claims resulting from guilty pleas, we apply the standard set forth in *Hill*. See *Hill* v. *Lockhart*, supra, 59 (modifying *Strickland* standard for analyzing prejudice in cases where petitioner entered guilty plea).

To satisfy the performance prong under *Strickland-Hill*, "the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . The range of competence demanded is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill

in the criminal law. . . . Reasonably competent attorneys may advise their clients to plead guilty even if defenses may exist. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance . . . .

"To satisfy the prejudice prong [under *Strickland-Hill*], the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . Reasonable probability does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case, but he must establish a probability sufficient to undermine confidence in the outcome. . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Internal quotation marks omitted.) *Mock* v. *Commissioner of Correction*, supra, 115 Conn. App. 104–105. We also note, however, "that [i]n many guilty plea cases, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate . . . the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." (Citations omitted; internal quotation marks omitted.) *Baillargeon* v. *Commissioner of Correction*, 67 Conn. App. 716, 722–23, 789 A.2d 1046 (2002). We now examine the petitioner's underlying claims of ineffective assistance of counsel to determine whether the court abused its discretion in denying the petition for certification to appeal.

## I

The petitioner first claims that trial counsel was ineffective for failing to investigate witnesses. He argues that trial counsel "provided ineffective assistance . . . by refusing or neglecting to investigate witnesses put forth by [the petitioner]." He also argues that his testimony at the habeas trial revealed that he had asked trial counsel during trial preparation to "contact the eyewitnesses interviewed by the police and to interview [the petitioner's] brother and sisters for information that they had relating to this case." Counsel's failure to do this, the petitioner argues, amounted to ineffective assistance. We are not persuaded.

The following additional facts are relevant to our resolution of the petitioner's claim. The petitioner was the only witness to testify on his behalf at the habeas trial. He testified that he asked trial counsel to interview his siblings and to find the witnesses who had spoken to the police. He stated that these siblings were not present at the shooting but that he wanted trial counsel to interview them as character witnesses. He also stated that he did not recall the names of the witnesses who had spoken to the police and did not know whether they had given written statements. The petitioner stated that these witnesses could verify that the petitioner was being attacked at the time of the shooting and that his sisters would verify that the petitioner "never had a gun [and] . . . wasn't the type to walk around with a gun." The petitioner testified that trial counsel did not conduct any of these suggested interviews. We note that, although the petitioner alleges that his trial counsel should have interviewed these people because they had relevant information, he did not subpoena or otherwise produce any of them to testify at the habeas trial.

The petitioner's trial counsel was the only other witness at the habeas trial; he testified for the respondent,

the commissioner of correction. Trial counsel testified, in relevant part, that the petitioner had requested that counsel speak with family members who would verify the petitioner's character and that the petitioner did not carry a gun. Trial counsel stated that he did speak to the petitioner's mother, his current girlfriend and another family member, and that he then explained to the petitioner that these family members did not have information that was relevant to the petitioner's case. He also testified that he reviewed the police report of the shooting and all of the witness statements, which numbered at least nine. He also provided copies of the police report and the witness statements to the petitioner. Trial counsel testified that the petitioner's defense changed throughout the course of the case; that for the first six months that he represented the petitioner, the petitioner told him that he was not present at the shooting and that the police had coerced him into signing a confession; then, the petitioner told him that he was present at the scene but that a third person, who had been traveling with the petitioner and his brother in their vehicle, had committed the shooting. Trial counsel stated that the petitioner told him that it was up to trial counsel to discover, through an independent investigation, the name of the third person who was the shooter and that the petitioner would not reveal that information to trial counsel because he was not a snitch. However, trial counsel also testified that each of the eyewitnesses had stated that there were only two occupants in the petitioner's vehicle. According to trial counsel, the petitioner again changed his story, then claiming that his brother was the actual shooter, and he maintained that story throughout trial preparation. Finally, near the start of evidence, the petitioner told trial counsel that he had shot the victim in self-defense while defending his brother who had been hit with a pipe.

Trial counsel also testified that he did not have an investigator interview the eyewitnesses to the shooting because there were at least nine witnesses who came forward, all with consistent statements. He explained that in cases where there were only one or two witnesses, he likely would investigate further, but in a case with nine eyewitnesses, each of whom corroborated the other, he did not think further investigation was warranted.

In rendering its oral ruling, the court found, inter alia, that trial counsel had interviewed family members of the petitioner, but that they were not helpful to the petitioner's case because they were not present at the shooting. Additionally, the court found that it was unable to "speculate as to the identity of any witness or [to] the substance of what that witness might have said [if called to testify]. . . . [T]he record is bereft of any witness whose testimony or knowledge would somehow alter the outcome here . . . . Nine individuals . . . concurred that [the petitioner] was pointing a firearm at close range to the victim, without provocation or without justification, and [there was] . . . [in counsel's] mind [no] need for independent further investigation of the substance of [their] statements . . . . This court does not conclude that [counsel's] decision to not investigate the veracity or the accuracy of any of these nine inculpatory consistent statements in any way constitutes deficient performance." We agree with the habeas court.

"Defense counsel will be deemed ineffective only when it is shown that a defendant has informed his attorney of the existence of the witness and that the attorney, without a reasonable investigation and without adequate explanation, failed to call the witness at trial. The reasonableness of an investigation must be

evaluated not through hindsight but from the perspective of the attorney when he was conducting it." (Internal quotation marks omitted.) *Tatum* v. *Commissioner of Correction*, 66 Conn. App. 61, 66, 783 A.2d 1151, cert. denied, 258 Conn. 937, 785 A.2d 232 (2001); see also *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 624, 724 A.2d 508, cert. denied, 248 Conn. 905, 731 A.2d 309 (1999). "The burden to demonstrate what benefit additional investigation would have revealed is on the petitioner." *Holley* v. *Commissioner of Correction*, 62 Conn. App. 170, 175, 774 A.2d 148 (2001). In this case, the petitioner has not presented us with any beneficial testimony from these witnesses that would demonstrate how they would have assisted in his case had trial counsel interviewed them. He makes only the bare allegation that his siblings would have said he did not carry a gun and that eyewitnesses to the shooting would have said he was being attacked. The petitioner, however, failed to call any of these individuals as witnesses at his habeas trial. The habeas court credited trial counsel's testimony that he did interview family members and a girlfriend of the petitioner, and it found that trial counsel's explanation for not having interviewed the nine witnesses who had given consistent statements to the police was reasonable. On the basis of the record before us, we agree with the habeas court. The petitioner has failed to establish that further investigation of these witnesses would have been helpful to his defense or that counsel's decision not to interview the eyewitnesses amounted to ineffective assistance.[2] See *Tatum* v. *Commissioner of Correction*, supra, 66; *Holley* v. *Commissioner of Correction*, supra, 175; *Nieves* v. *Commissioner of Correction*, supra, 624.

[2] The habeas court found that the petitioner's attorney determined that "[n]ine individuals . . . concurred that [the petitioner] was pointing a firearm at close range to the victim, without provocation or without justification," and the court found that it was reasonable for such attorney "to conclude in all likelihood that these [nine] statements would carry corroborative weight, or the majority of them would."

## II

The petitioner next claims that trial counsel was ineffective for failing to have blood analysis conducted on a metal pipe. He argues that his testimony at the habeas trial established that he and his brother were driving on Oak Street when someone smashed the rear window of their vehicle and began beating his brother with a metal pipe. Further, he argues, blood analysis of this pipe would have corroborated his story that he acted in self-defense to stop the attack on his brother. We are not persuaded.

During the habeas trial, the petitioner testified that he had asked trial counsel to perform a blood analysis of the pipe to provide support for a self-defense theory. Trial counsel testified, however, that the petitioner never asked him to have the pipe tested and, further, that there was no evidence that the petitioner's brother had been injured by the pipe, so blood analysis would not have been helpful. The habeas court credited trial counsel's testimony and agreed that analysis would not have been helpful to the petitioner's defense. On appeal, the petitioner argues that a DNA test can be conducted without evidence that the injured party was bleeding as a result of an attack and that the habeas court erred in concluding that testing would not have been helpful. He argues that trial counsel's failure to have forensic analysis conducted on the pipe amounts to ineffective assistance. We do not agree.

As stated previously, it is the petitioner's burden to demonstrate what benefit additional investigation or testing would have revealed. *Holley* v. *Commissioner of Correction*, supra, 62 Conn. App. 175. Mere allegation and speculation are insufficient. See *Miller* v. *Commissioner of Correction*, 116 Conn. App. 357, 365, 976 A.2d 6 ("[t]o prevail on a petition for a writ of habeas corpus, mere conjecture does not suffice"), cert. denied, 293

Conn. 930, 980 A.2d 915 (2009); *Ostolaza* v. *Warden*, 26 Conn. App. 758, 765, 603 A.2d 768 (petitioner's burden not met by speculation but by demonstrable realities), cert. denied, 222 Conn. 906, 608 A.2d 692 (1992). Because the petitioner failed to offer any forensic evidence at the habeas trial related to the pipe, he cannot demonstrate that the lack of an investigation involving the pipe constituted deficient performance. There was no evidence that the pipe contained any DNA of the petitioner's brother, and the petitioner did not recall whether his brother, who did not testify, even sustained any injury from the pipe. Additionally, there is no indication that an analysis of the pipe, even if it had contained DNA from the petitioner's brother, would have been helpful to the petitioner's defense and changed the outcome of a trial. See *Baillargeon* v. *Commissioner of Correction*, supra, 67 Conn. App. 723. The court found, on the basis of trial counsel's testimony, that it was not until evidence was about to open in the petitioner's case that the petitioner even admitted to trial counsel that he was the person who had shot the victim; prior to that time, the petitioner repeatedly had changed his story to trial counsel—from the first story that he was not present at the scene of the shooting, to the second story that, although he was present at the scene, a third person actually had shot the victim, to the third story that his brother had shot the victim, to the final story that, although he had shot the victim, he did so in defense of his brother, who was being hit with a pipe. On the basis of the foregoing, we are unable to conclude that the court erred in finding that counsel was not deficient for not conducting a blood analysis of the metal pipe.

III

The petitioner also claims that counsel was ineffective for failing to discuss with the petitioner in a meaningful manner the petitioner's claim of self-defense. He

argues that he testified during his habeas trial that he had asked trial counsel "on multiple occasions to discuss his self-defense claims . . . [and that counsel] refused to ever discuss these claims with him." The respondent argues in relevant part that the court "credited [trial counsel's] testimony that he and the petitioner actually had discussed the self-defense claim at length and that, based on that conversation, the petitioner decided to change his plea and resolve the case short of trial." We agree with the respondent.

During the habeas trial, the petitioner testified that he had asked counsel on several occasions to discuss with him a claim of self-defense but that counsel was not willing to discuss this defense. Contrary to the petitioner's testimony, trial counsel testified that the petitioner repeatedly changed his story about what had occurred at the shooting and that the petitioner did not raise a claim of self-defense until evidence was about to open in his case. He further testified that as soon as the petitioner revealed this new information, he asked the court for a recess and fully discussed this with the petitioner for approximately two hours. Trial counsel also stated that he explained to the petitioner that such a defense likely would be unsuccessful in light of the state's case against him. Specifically, he testified that he believed that the petitioner's new theory "was an act of desperation and, based on the state's case, it was [his] position that [the petitioner] would not prevail at trial on a self-defense claim. [Trial counsel thought] the state of the evidence was that the state would be able to prove that [the petitioner] and his brother went [to the crime scene] to provoke a confrontation . . . thereby resulting in a shooting. And also [that there were] a number of witnesses [whose] statements were consistent that [the petitioner] pointed the gun at close range in the face of the victim. So, based on that, [trial counsel and the petitioner] spent time discussing that

evidence, and [trial counsel] believed [the petitioner] was convinced that he could not prevail on a [theory of] self-defense. And at that point [the petitioner] decided that he would not continue to trial and he would change his plea and plead guilty." Trial counsel further explained that he thought the petitioner should plead guilty because it was likely, on the basis of the strength of the state's case and the pending charges, that the petitioner, if he went to trial, "likely [would] be convicted of assault in the first degree, conspiracy to commit assault in the first degree and possibly attempted murder, and carrying a pistol without a permit." The habeas court credited trial counsel's testimony and found that trial counsel had discussed this defense with the petitioner in a meaningful manner once the petitioner raised the defense and that there was no need for trial counsel to conduct a further investigation of a self-defense theory in light of the strength of the state's case.

"The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . Thus, [t]his court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Vazquez* v. *Commissioner of Correction*, 123 Conn. App. 424, 428, 1 A.3d 1242 (2010), cert. denied, 302 Conn. 901, 23 A.3d 1241 (2011). Here, the habeas court specifically found that trial counsel was not deficient because trial counsel in fact had discussed with the petitioner the petitioner's newly raised claim of self-defense and that he had explained to the petitioner that

such a defense was not plausible in this case because of the strength of the state's case. Because the court's finding that trial counsel was not deficient in this regard was based on a credibility determination, we must defer to the court's assessment. Acceptance of the petitioner's claim would require us to ignore the habeas court's finding that trial counsel was credible and that the petitioner was not credible. This we cannot do.

IV

The petitioner's final claim is that the habeas court improperly utilized a subjective test for prejudice rather than an objective test as required by *Strickland* v. *Washington*, supra, 466 U.S. 687, and *Hill* v. *Lockhart*, supra, 474 U.S. 59. Although our review of the habeas court's oral decision reveals no such error, we, nonetheless, conclude that a thorough analysis of this claim is unnecessary in light of our conclusion that the court properly found that trial counsel did not render deficient performance. See *Mock* v. *Commissioner of Correction*, supra, 115 Conn. App. 105 (reviewing court can find against petitioner on either ground of two-pronged ineffective assistance test).

Accordingly, we conclude that the petitioner has not shown that the issues raised with regard to the court's denial of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. Therefore, the petitioner has failed to demonstrate that the court's denial of his petition for certification to appeal reflects an abuse of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.