******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CRISTOBAL MILLAN *v.* COMMISSIONER OF
CORRECTION
(AC 35497)

Alvord, Mullins and Bear, Js.

*Argued November 13, 2014—officially released January 13, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*James P. Sexton*, assigned counsel, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Cristobal Millan, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his second amended petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal and improperly determined that he failed to demonstrate that his trial counsel had provided ineffective assistance of counsel. We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to this appeal. On the evening of March 21, 2005, Darren Madison and Lamarr Sands, Madison's former friend with whom he had had a falling out, were, by coincidence, staying in adjoining rooms at the Super 8 Motel in Waterbury (motel). *State* v. *Millan*, 290 Conn. 816, 819, 966 A.2d 699 (2009). Madison and Sands encountered each other at the motel, and a heated argument ensued. Id. Madison then left the motel after making a remark that he was going to come back after getting his " 'boys.' " Id. Madison's comment was overheard by the victim, Jeffrey Smith, who was visiting Sands at the motel. Id. The victim decided to stay at the motel because he was concerned that Sands would be outnumbered in a potential fight upon Madison's return. Id.

After leaving the motel, Madison picked up the petitioner in his car. Id. The petitioner accompanied Madison back to the motel, where three other people with whom the petitioner was associated joined them. Id., 819–20. The group stood outside Sands' room; at least one member of the group banged on Sands' door and taunted him to come out. Id., 820. In response, Sands exited his room and proceeded into the hallway. Id.

At that point, Madison and Sands began to fight. Id. During the fight between Madison and Sands, the victim attempted to stop the group from intervening. Id. In response, the petitioner swung his fist at the victim, and the two began a physical struggle. Id. At the inception of the fight, the victim grabbed the petitioner and held him in a " 'reverse headlock' " while he punched the petitioner with uppercut blows, bloodying the petitioner's nose. Id. As the fight progressed, the two men fell to the floor, which caused a pause in the fighting. Id. The petitioner then got onto his feet, looked in a mirror, saw his bloodied nose, and pulled out a box cutter from his pocket. Id. The fight resumed, and subsequently ended with the victim on the ground and the petitioner repeatedly slashing the victim with the box cutter. Id., 820–21. The petitioner later testified that he had acted in self-defense when he slashed the victim. Id., 822.

During the petitioner's criminal trial, over his objection, the state introduced prior misconduct evidence,

through the testimony of Sands and his girlfriend, of a previous incident involving the petitioner and Madison. Id., 821–22. This incident occurred in early 2005 when Sands and his girlfriend were sitting in a car and another car, driven by Madison, pulled alongside them. Id., 822. The petitioner and another male got out of Madison's car and pulled Sands from his car onto the ground. Id. The petitioner and the other male proceeded to assault Sands, and took his gold bracelet and money. Id. During the incident, Madison laughed while watching from his car. Id.

Following a jury trial, the petitioner was convicted of assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and conspiracy to commit assault in the first degree in violation of General Statutes §§ 53a-48 and 53a-59 (a) (1). Id., 818. Our Supreme Court affirmed the petitioner's conviction on direct appeal. Id.

Thereafter, the petitioner filed a second amended petition for a writ of habeas corpus in which the petitioner alleged that his trial counsel provided inadequate assistance. Specifically, the petitioner alleged in his amended petition, inter alia, that his trial counsel "failed to object to prior misconduct [evidence]."

At the habeas trial on the second amended petition, the petitioner's trial counsel testified that he, in fact, had objected to the admission of uncharged prior misconduct evidence during the petitioner's criminal trial, but that those objections were overruled. The petitioner testified at the habeas trial that his attorney indeed had objected to the admission of prior misconduct evidence at the criminal trial, and that the evidence was admitted nonetheless.

After the presentation of evidence concluded, the court addressed the petitioner's habeas counsel specifically and stated: "[T]here doesn't seem to be any dispute that trial counsel objected to the bad act evidence coming in. It came in because the trial court overruled that objection. Right?" The petitioner's habeas counsel responded, "Correct." The court additionally asked the petitioner's habeas counsel: "You have a claim here that trial counsel failed to object to the misconduct evidence. Is that a claim you're still making? [Trial counsel] did say he did object and the court overruled it." The petitioner's habeas counsel conceded, "He did." The court, accordingly, stated that it was rejecting the petitioner's claim that his attorney failed to object to prior misconduct evidence.

Ultimately, the habeas court concluded that the petitioner had failed to demonstrate that counsel's performance was deficient or that the petitioner suffered prejudice and, accordingly, denied the petition for a writ of habeas corpus. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Then, the petitioner filed a petition for certification to appeal. The court denied that petition. This appeal followed.

"The standard of review for a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the resolution of the underlying claim involves issues [that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Citation omitted; internal quotation marks omitted.) *Norton* v. *Commissioner of Correction*, 132 Conn. App. 850, 853–54, 33 A.3d 819, cert. denied, 303 Conn. 936, 36 A.3d 695 (2012).

In the present case, the only claim advanced by the petitioner in his second amended petition with respect to the prior misconduct evidence is that his trial counsel failed to object to that evidence. That is the claim on which the habeas court ruled. On appeal, however, the petitioner does not allege that the habeas court abused its discretion in denying certification to appeal on the ground that the resolution of his claim—that his trial counsel failed to object to the prior misconduct evidence—is debatable among jurists of reason or could be resolved differently by another court.

Instead, the petitioner raises different claims from the one presented to the habeas court. He now claims that his trial counsel provided ineffective assistance in handling the state's introduction of the prior misconduct evidence because he "failed to object competently" to that evidence and that the objection raised was "on overly narrow grounds." Specifically, the petitioner asserts that his attorney failed: to argue adequately that the testimony linking the petitioner with prior misconduct was inadmissible hearsay; to make a sufficiently broad objection on prejudice grounds; to request that the state's witnesses be subjected to voir dire before testifying about the prior misconduct; and to draft a written objection to the state's intended use of the misconduct evidence. In sum, although the petition alleged that trial counsel failed to object at all, on appeal the petitioner now argues that trial counsel did object, but the objection itself was lacking.

The petitioner's appeal founders because he is raising claims that he never raised before the habeas court. Indeed, this court has held that "a court [cannot] abuse its discretion in failing to grant a petitioner certification

to appeal to challenge an issue that was not first presented to the [habeas] court and then ruled on by it." *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 7, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002); see also *Foote* v. *Commissioner of Correction*, 151 Conn. App. 559, 571, 96 A.3d 587 (*Keller, J.*, concurring) ("a petitioner is unable to demonstrate that a habeas court abused its discretion in denying a petition for certification to appeal on the basis of questions that were not raised distinctly before the habeas court at the time that it considered the petition for certification to appeal"), cert. denied, 314 Conn. 929, A.3d (2014). Accordingly, because the habeas court never was presented with and, consequently, never ruled on the claims that the petitioner now raises on appeal, we are unable to conclude that the habeas court abused its discretion in denying the petition for certification.

The appeal is dismissed.