******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

CLINTON S.* *v.* COMMISSIONER OF CORRECTION
(AC 38530)

Keller, Mullins and Harper, Js.

*Syllabus*

The petitioner, who had been convicted of sexual assault in the first degree and sexual assault in the third degree, sought a writ of habeas corpus claiming that his defense counsel had rendered ineffective assistance by failing to adduce certain evidence at his criminal trial, which he alleged caused him to plead guilty under the *Alford* doctrine during jury deliberations following that trial. At his criminal trial, defense counsel sought to challenge the credibility of the victim, who was the defendant's stepdaughter, regarding her motivation to fabricate the allegations. In his petition for a writ of habeas corpus, the petitioner alleged that defense counsel had failed to present evidence that the victim had disclosed the assault to a witness, G, only after G told the victim that the petitioner, who was a registered sex offender, would go to jail if he had touched the victim inappropriately. Moreover, the petitioner alleged that defense counsel failed to adequately investigate and present evidence of his employment history and that of M, the victim's mother, which he claimed would have revealed that he had no opportunity to assault the victim at the time and place she claimed. The habeas court denied the petition and denied the petition for certification to appeal, from which the petitioner appealed to this court. *Held*:

1. The habeas court did not abuse its discretion in denying the petition for certification to appeal on the basis of defense counsel's failure to introduce evidence of the conversation between the victim and G, the petitioner having failed to demonstrate that defense counsel's performance was deficient in that regard; the decision to not present the evidence of the conversation between G and the victim was a matter of sound trial strategy, as defense counsel had successfully moved to exclude evidence of the petitioner's criminal history and his status as a registered sex offender and introducing evidence of the victim's conversation with G would have opened the door to the jury hearing that damaging evidence, and this court declined to second guess that strategic decision.

2. The petitioner failed to demonstrate that the issues that he raised on appeal concerning defense counsel's alleged failure to investigate and present evidence concerning his or M's work history were debatable among jurists of reason or raised questions that deserved encouragement to proceed further; contrary to the petitioner's assertion that he would not have pleaded guilty had the evidence of his work history been presented at trial because the evidence would have undermined the victim's claim that the assaults happened "all of the time," there was ample evidence before the jury that the petitioner had innumerable opportunities to be alone with the victim, and evidence of the petitioner's employment history would have confirmed rather than refuted that evidence, as the alleged assaults occurred during divers dates within a broad timeframe and, accordingly, defense counsel's performance was not deficient; although the habeas court misstated the applicable prejudice standard when determining whether he was prejudiced by defense counsel's failure to produce evidence of M's employment records, the habeas court properly made the determination that that evidence would not have changed the outcome of the petitioner's criminal trial had the jury finished its deliberations, in light of M's testimony, which the habeas court found to be credible, that the petitioner had numerous opportunities to be alone with the victim.

Argued March 9—officially released July 18, 2017

(Appeal from Superior Court, judicial district of
Tolland, Oliver, J.)

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, and tried to the court, *Oliver, J.*; judgment denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Vishal K. Garg*, for the appellant (petitioner).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *Patrick J. Griffin*, state's attorney, and *Adrienne Russo*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

MULLINS, J. The petitioner, Clinton S., appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal because the record established that his criminal trial counsel had rendered ineffective assistance by (1) failing to present evidence of an alternative exculpatory explanation for the allegations made by the victim and (2) failing to investigate adequately and present evidence of the employment records of the petitioner and his wife, M. Additionally, in connection with the claim regarding M.'s employment records, the petitioner claims that the habeas court applied the wrong standard with respect to whether he was prejudiced by counsel's allegedly deficient performance. We conclude that the court did not abuse its discretion in denying the petition for certification to appeal. Accordingly, we dismiss the appeal.

The record discloses the following relevant facts. The petitioner was charged with several offenses, including sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1). The victim, who M's daughter and the petitioner's stepchild, alleged that the petitioner sexually assaulted her between July, 2003, and January, 2005. She claimed that the assaults occurred when she arrived home from school around 2:45 p.m. and that it happened "basically all the time." The victim stated that, during the relevant time period, the petitioner was the only one home and that, if her siblings were home, the petitioner would lock them in a bedroom and tell them not to come out until told to do so.

The victim reported the sexual assaults to Luz Garcia. The victim and Garcia met through the New Haven Police Department's youth program, for which Garcia was the coordinator. On January 24, 2006, the victim and Garcia engaged in a conversation in which the victim disclosed to Garcia that the petitioner had sexually assaulted her. Garcia told the victim that the petitioner was a registered sex offender and that if the petitioner ever touched her inappropriately, he would go to jail. Garcia reported the abuse to the police.

At trial, the petitioner was represented by Attorneys Scott Jones and Tejas Bhatt. He elected a jury trial. Trial commenced on July 23, 2009. Evidence closed on July 28, 2009. Then, on July 31, 2009, the third day of jury deliberations and before the jury had reached a verdict, the petitioner decided to enter a guilty plea under the *Alford*[1] doctrine to the charges of sexual assault in the first degree and sexual assault in the

third degree.

In response to questions by the trial court, the petitioner stated that he understood that he could not revoke his plea, that he was satisfied with his representation, and that he was pleading guilty voluntarily. When asked by the trial court one final time whether he was sure that he wanted to plead guilty, the petitioner responded, "Your Honor, I don't have a choice." In response, the trial court stated, "You don't have a choice because you're afraid the jury is [going to] come back and convict you. . . . No one is forcing you, right?" The petitioner responded, "Nobody's forcing me, Your Honor." The trial court then asked, "You don't have a choice because you're between a rock and hard place [and] you're taking this as a way out, right?" The petitioner answered, "That's right." After accepting the petitioner's plea, the court sentenced him to a total effective sentence of twenty years incarceration, execution suspended after fifteen years, followed by ten years probation.

On January 20, 2015, the petitioner filed an amended petition for a writ of habeas corpus, in which he alleged numerous ways in which his trial counsel had rendered ineffective assistance. The only claims relevant to this appeal, however, are the petitioner's claims that his trial counsel rendered ineffective assistance by failing "to adequately present an alternative innocent explanation for the [victim's] allegations of sexual abuse," failing to "investigate and present evidence concerning the petitioner's employment records," and failing "to investigate and present evidence concerning [M.'s] employment records." On October 13, 2015, the habeas court denied the amended petition. The petitioner then filed a petition for certification to appeal, which the habeas court denied. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal because the record established that his trial counsel had rendered ineffective assistance primarily in two ways. First, the petitioner claims that his trial counsel rendered ineffective assistance by failing to present evidence of the conversation between the victim and Garcia. He argues that as a result of that conversation, the victim learned from Garcia that the petitioner could go to jail if he inappropriately touched her. The petitioner claims that evidence of this conversation would have supported the alternative exculpatory explanation that the victim fabricated the allegations of sexual assault only after she learned from Garcia that he could be incarcerated for touching her inappropriately.

Second, the petitioner claims that his trial counsel rendered ineffective assistance by failing to investigate adequately and present evidence of the employment

records of the petitioner and M. Specifically, he argues that these records would have undermined the victim's allegations and credibility by showing that the petitioner's opportunity to be alone with the victim was either limited or nonexistent. With respect to M.'s employment records in particular, the petitioner also claims that the habeas court applied the wrong prejudice standard when it applied the *Strickland* standard instead of the *Strickland-Hill* standard. We are not persuaded.

We first set forth our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and the applicable legal principles. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed. . . .

"[As it relates to the petitioner's substantive claims] [o]ur standard of review of the habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Mourning* v. *Commissioner of Correction*, 169 Conn. App. 444, 448–49, 150 A.3d 1166 (2016), cert. denied, 324 Conn. 908, 152 A.3d 1246 (2017).

"[I]n order to determine whether the petitioner has demonstrated ineffective assistance of counsel [when the conviction resulted from a guilty plea], we apply the two part test annunciated by the United States Supreme Court in *Strickland* and *Hill*. . . . In *Strickland*, which applies to claims of ineffective assistance during criminal proceedings generally, the United States Supreme Court determined that the claim must be supported by evidence establishing that (1) counsel's representation

fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. *Strickland* v. *Washington*, [466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. . . . Under the test in *Hill*, in which the United States Supreme Court modified the prejudice standard of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. *Hill* v. *Lockhart*, [474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)]." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 575–76, 941 A.2d 248 (2008).

"To satisfy the performance prong under *Strickland-Hill*, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . The range of competence demanded is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . Reasonably competent attorneys may advise their clients to plead guilty even if defenses may exist. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance. . . .

"To satisfy the prejudice prong [under *Strickland-Hill*], the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Norton* v. *Commissioner of Correction*, 132 Conn. App. 850, 854–55, 33 A.3d 819, cert. denied, 303 Conn. 936, 36 A.3d 695 (2012).

In determining whether the habeas court abused its discretion in denying the petition for certification to appeal, we must consider the merits of the petitioner's underlying claims. Accordingly, we now turn to the merits of the petitioner's claims.

I

The petitioner first claims that trial counsel rendered ineffective assistance by failing to present evidence of an alternative exculpatory explanation for the allegations of sexual assault made by the victim. Specifically, he argues that evidence of the conversation between the victim and Garcia, wherein the victim disclosed the sexual assaults, which he claims occurred prior to the

victim's allegations,[2] significantly would have strengthened the defense's theory that the victim was motivated to make false allegations. Thus, he argues that trial counsel's failure to present that evidence was deficient performance.[3] Moreover, the petitioner claims that trial counsel's failure to present the evidence prejudiced the defense because, had the evidence of the conversation been included, a reasonable probability exists that he would have been satisfied with trial counsel's performance and would not have pleaded guilty.

The respondent, the Commissioner of Correction, asserts that trial counsel did not render ineffective assistance.[4] Specifically, the respondent argues that trial counsel's performance was not deficient because trial counsel's decision to not present evidence of the conversation between the victim and Garcia was a reasonable strategic decision. The conversation included information about the petitioner's prior sexual assault convictions and his being a registered sex offender. Had the conversation been presented, the petitioner risked the admission of such evidence, which trial counsel determined was highly damaging. Moreover, the respondent argues that this court cannot resolve whether trial counsel's failure to present the conversation prejudiced the defense because the habeas court did not make a finding on prejudice.

At the habeas trial, Attorney Jones testified that the defense's primary theory was to challenge the credibility of the victim and highlight the inconsistencies in her testimony. In support of this theory, trial counsel argued that the victim was motivated to fabricate the allegations. Such motivation included her wanting the petitioner out of the house because they did not get along, her feeling alienated from her mother's affection, her resenting the disciplinary role of the petitioner in the household, and her responding to an incident between herself and the petitioner for which she was arrested.

Jones testified that he considered whether the evidence of the conversation would support an argument that the victim had made the allegations against the petitioner only after being informed that such allegations would lead to the petitioner's going to jail. Ultimately though, he decided not to use the evidence because part of the conversation between the victim and Garcia involved information related to the petitioner's criminal history, particularly to his being a registered sex offender, which Jones already had excluded successfully through a motion in limine. Jones opined that it was too challenging to present evidence only of Garcia's telling the victim that the petitioner would go to jail while at the same time continuing to exclude any mention of the petitioner's criminal history. Jones felt that evidence of the conversation could undermine his previous efforts to exclude the information because it came too close to opening the door for the state to get

into evidence the petitioner's prior criminal history. As a result, he concluded that it was best not to present any evidence of the victim's conversation with Garcia.

Following the close of evidence at the habeas trial, the court denied the amended petition for a writ of habeas corpus on the ground that trial counsel's performance was not deficient. The court concluded that "counsel was aware of the evidence, carefully considered its value to the defense and made a strategic decision not to offer it at trial." Specifically, the habeas court concluded that trial counsel had reasonable strategic reasons for not offering evidence of the conversation. The court further concluded that trial counsel thoroughly presented alternative evidence to the jury of motive and bias to support the defense's theory of an alternative exculpatory explanation. We agree with the habeas court and conclude that the petitioner has failed to demonstrate that trial counsel's performance was deficient.

It is clear from the record that the decision to not introduce evidence of the conversation between the victim and Garcia was a matter of trial strategy. Trial counsel did not want the members of the jury to become aware that the petitioner was a registered sex offender, which trial counsel deemed as damaging information. "It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks omitted.) *Henderson* v. *Commissioner of Correction*, 104 Conn. App. 557, 571–72, 935 A.2d 162 (2007), cert. denied, 285 Conn. 911, 943 A.2d 470 (2008).

Simply put, trial counsel made a reasonable strategic decision that the risk associated with presenting evidence of the conversation was not justified. The defense already had taken steps through the motion in limine to prevent the introduction of damaging information related to the petitioner's criminal history. After investigating and discussing the advantages and disadvantages

of presenting evidence of the victim's conversation with Garcia, trial counsel determined that such evidence could jeopardize the earlier ruling and potentially lead to the jury's learning of the petitioner's damaging criminal history. Given the potential risk, trial counsel's decision was reasonable. Thus, we decline to second guess such strategic decisions by trial counsel. See *Watson* v. *Commissioner of Correction*, 111 Conn. App. 160, 171–72, 958 A.2d 782 (counsel's decision to not introduce investigative report because it would "invite difficult questions" fell "within the category of strategic decisions that our courts consistently refuse to second guess"), cert. denied, 290 Conn. 901, 962 A.2d 128 (2008).

We conclude that the habeas court properly determined that the petitioner's trial counsel had not performed below an objective standard of reasonableness with respect to the petitioner's claim regarding counsel's failure to present evidence of the conversation between the victim and Garcia. Accordingly, the habeas court did not abuse its discretion in denying the petition for certification to appeal.

## II

The petitioner next claims that trial counsel rendered ineffective assistance by failing to investigate adequately and present evidence of the petitioner's employment records and M.'s employment records. The petitioner argues that trial counsel's performance was deficient because such evidence would have supported the argument that he had almost no opportunity to be alone with the victim during the relevant time period. Specifically, the petitioner argues that his employment records would have demonstrated that during substantial portions of the relevant time period, he was working when the victim arrived home, thus giving him no opportunity to be home alone with the victim. Furthermore, he argues that M.'s employment records would have demonstrated that, even when the petitioner was home before 3 p.m., it was not uncommon for M. to be home, and, therefore, he would have had limited opportunity to be alone with the victim.

The petitioner also claims that the habeas court applied the wrong prejudice standard with respect to its conclusion on M.'s employment records. He argues that the habeas court improperly applied the *Strickland* standard instead of the *Strickland-Hill* standard. The petitioner argues that, when applying the correct *Strickland-Hill* standard, a reasonable probability exists that he would not have pleaded guilty had the employment records been investigated and presented. He claims that this evidence would have undermined the victim's testimony and shown the untruthfulness of her allegations.

The respondent asserts that trial counsel did not render ineffective assistance. Specifically, the respondent

argues that trial counsel's performance was not deficient because the employment records of both the petitioner and M. showed that the petitioner had innumerable opportunities to be alone with the victim. Moreover, the respondent argues that, although the habeas court incorrectly stated its conclusion on the claim regarding M.'s employment records by setting forth the wrong prejudice standard, it set forth the correct prejudice standard when it outlined the relevant law in its memorandum of decision.

The respondent further argues that, as recognized by the United States Supreme Court in *Hill*, the prejudice standard under the *Strickland* test is very similar to the prejudice standard under the *Strickland-Hill* test, particularly in circumstances where a petitioner claims a failure to investigate or to discover potentially exculpatory evidence. The respondent finally argues that the petitioner has not met the prejudice standard of the *Strickland-Hill* test for both of his employment records claims because, in showing that the petitioner had innumerable opportunities to be alone with the victim, the employment records would have corroborated much of the victim's testimony.

The habeas court was presented with evidence of the following additional facts, which are relevant to the petitioner's claim. At the criminal trial,[5] M. testified that, in the beginning of the relevant time period, July, 2004 to January, 2005, she would work from 3 p.m. to 11 p.m. and, therefore, would not be home when the victim arrived home from school around 2:45 p.m. From June, 2004, to July, 2004, she was on maternity leave. When M. returned to work, initially her work hours continued to be 3 p.m. to 11 p.m. Then, in October, 2004, M.'s schedule changed to 7 a.m. to 3 p.m. After this change in her schedule, if M. received a ride home from work, she would arrive home at 3:30 p.m., but, if she rode the bus, she would not arrive home until 4 p.m.

At the habeas trial, the petitioner testified that he worked at a Popeye's restaurant for a month and one-half beginning in September, 2003. He further testified that from November, 2003, to March, 2004, he worked at a Valvoline. The work records presented by the petitioner, however, showed that the petitioner worked at Valvoline from November, 2003, to January, 2004. The petitioner also testified that after Valvoline, he was self-employed as a landscaper, and then he was employed by Chuck and Eddie's, an auto parts store, from November, 2004, to February, 2005, where he worked from 7 a.m. to 5:30 p.m. every day except Sunday. According to the petitioner, he asked trial counsel to obtain records of his employment at these various businesses and to speak to the people with whom he worked because such evidence would have shown that the petitioner was not at home during the relevant time period. M., however, testified that during the relevant time period, the peti-

tioner was not working consistently and was mostly home alone with the victim when M. arrived home from work.

Jones testified that part of the defense's strategy was to present evidence that the petitioner and the victim were not alone during much of the relevant time period. Jones further testified, however, that he did not think that the petitioner's employment records were going to help the petitioner because there were significant amounts of time where the petitioner was not working. In addition, Jones had difficulty obtaining the petitioner's employment records and narrowing down what records to obtain. With regard to the employment records of M., Jones testified that even when she began to work from 7 a.m. to 3 p.m. in October of 2014, whether she would be home when the victim was home with the petitioner depended on whether M received a ride or took the bus.

Following the close of evidence at the habeas trial, the court denied the amended petition for a writ of habeas corpus on the ground that trial counsel did not provide ineffective assistance. With regard to the petitioner's employment records, the habeas court determined that the petitioner failed to establish both deficient performance and prejudice because "any employment records would have limited value as the charging document alleged that the crimes occurring during divers dates within a broad timeframe" and that the records would have had "little to no favorable evidentiary value" due to the petitioner's sporadic work history.

With regard to M.'s employment records, the habeas court did not make any finding on the performance prong. Instead, the habeas court determined that the petitioner failed to establish prejudice. Specifically, the court determined that the petitioner had not demonstrated predjudice because M.'s testimony clearly established the opposite of what the petitioner contended the employment records would support, namely, that he would have had limited opportunity to be alone with the victim.

"[C]onstitutionally adequate assistance of counsel includes competent pretrial investigation. . . . However, counsel need not track down each and every . . . evidentiary possibility before choosing a defense and developing it." (Citation omitted; internal quotation marks omitted.) *Thompson* v. *Commissioner of Correction*, 131 Conn. App. 671, 694, 27 A.3d 86, cert. denied, 303 Conn. 902, 31 A.3d 1177 (2011). "The burden to demonstrate what benefit additional investigation would have revealed is on the petitioner." (Internal quotation marks omitted.) *Norton* v. *Commissioner of Correction*, supra, 132 Conn. App. 859.

Here, the record supports the habeas court's conclu-

sion that trial counsel reasonably determined that it was best not to challenge the victim's credibility through the petitioner's employment records. First, trial counsel determined that the records were difficult to obtain; the charging document alleged a broad range of dates, and trial counsel was unable to narrow down what employment records to investigate and present. In addition, the petitioner was self-employed during part of the relevant time period such that the precise hours he worked would have been difficult to prove.

Second, trial counsel did not discover information related to the petitioner's employment during the relevant time period that would have challenged the victim's claim that she was often home alone with the petitioner, and, therefore, counsel determined that the employment records would not have supported the defense's theory. Even the Valvoline records that were presented to the habeas court showed that on multiple days the petitioner left work at 3 p.m. or earlier, which would have allowed him to be home with the victim after school. Trial counsel, therefore, determined that the records did not have any value in supporting the defense's argument and instead showed that, at times, the petitioner could have been home alone with the victim.

We conclude that the habeas court properly determined that trial counsel's decisions regarding the investigation and presentation of the petitioner's employment records at the criminal trial did not render their performance deficient. Because we agree with the habeas court that trial counsel's performance was not deficient, we need not address the prejudice standard of the *Strickland-Hill* test. See *Norton* v. *Commissioner of Correction*, supra, 132 Conn. App. 855. Accordingly, the habeas court did not abuse its discretion in denying the petition for certification as to this claim.

Turning now to M.'s employment records, we first address the petitioner's claim that the habeas court applied the wrong standard when assessing whether trial counsel's alleged failure to investigate and introduce the employment records of M. prejudiced the defense.[6] We agree with the petitioner that the habeas court, in its conclusion, set forth the wrong prejudice standard, phrasing its conclusion using the *Strickland* standard instead of the *Strickland-Hill* standard. In its memorandum of decision, the habeas court set forth the following: "It is well established that this court has a duty, in deciding prejudice, to focus on the ultimate outcome, the verdict and sentence, as opposed to merely a portion of the criminal proceedings. . . . Here, the petitioner has failed to establish that the content of the employment records of [M.] would have resulted in a more favorable result in the trial of his criminal matter. Accordingly, the petitioner has failed to prove prejudice."

The habeas court, however, earlier in its decision clearly quoted the correct *Strickland-Hill* standard when it set forth the relevant law, which requires the petitioner to demonstrate that a reasonable probability exists that, but for counsel's errors, he would not have pleaded guilty and, instead, would have insisted on going to trial; see *Hill* v. *Lockhart*, supra, 474 U.S. 59; *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 576; or, in this case, allow the jury to reach its verdict. A reasonable probability is a probability sufficient to undermine the court's confidence in the outcome. *Norton* v. *Commissioner of Correction*, supra, 132 Conn. App. 855.

In considering the prejudice standard under *Strickland-Hill*, this court has noted "that [i]n many guilty plea cases, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate . . . the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence *likely would have changed the outcome of a trial.*" (Emphasis added; internal quotation marks omitted.) Id.

In the present case, the habeas court, in its prejudice analysis, determined that M.'s employment records supported the theory that the petitioner had the opportunity to be home alone with the victim on numerous occasions. Supporting the habeas court's conclusion was its specifically crediting the testimony of M. Indeed, the court made a finding that M.'s testimony established that the petitioner would have had the opportunity to be home alone with the victim "mostly all of the time" because the petitioner was not working consistently, and M. was working consistently. Thus, the habeas court found that the employment records likely would not have changed the outcome of the petitioner's criminal trial had the jury finished deliberations, which, as articulated in *Norton*, is a central question in determining whether the petitioner otherwise would have pleaded guilty. *Norton* v. *Commissioner of Correction*, supra, 132 Conn. App. 855. Accordingly, although the habeas court incorrectly phrased its conclusion using the *Strickland* standard, the fact that the court made the finding that M.'s employment records would not have changed the outcome at trial persuades us that the court's analysis supported a determination consistent with the *Strickland-Hill* standard, and, thus, the court's misstatement was not reversible error.

We next address the petitioner's claim that he was prejudiced by trial counsel's failure to investigate and

present M.'s employment records. Following our Supreme Court precedent, the habeas court chose to dispose of the petitioner's claim on the prejudice prong. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." (Internal quotation marks omitted.) *Aillon* v. *Meachum*, 211 Conn. 352, 362, 559 A.2d 206 (1989).

The petitioner claims that M.'s employment records would have challenged the credibility of the victim's testimony that the sexual assaults occurred almost all the time, and, therefore, he would have not pleaded guilty. Although M.'s employment records would have established that the sexual assaults did not happen "all of the time," because there were times within the relevant time period that M. would have been home, the records also would have established that M. frequently was not home during the relevant time period, and, therefore, the petitioner would have had numerous opportunities to be alone with the victim. Consequently, M.'s employment records would have had the effect of corroborating much of the victim's testimony, rather than challenging it. Accordingly, we conclude that the petitioner has failed to demonstrate that he was prejudiced by trial counsel's performance. Because M.'s employment records appear to corroborate much of the victim's testimony, it is not reasonably probable that, but for trial counsel's alleged failure to investigate and present M.'s employment records at the petitioner's criminal trial, the petitioner would not have pleaded guilty.

As a result, we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal as to this issue. The petitioner has not demonstrated that the issues he raises on appeal are debatable among jurists of reason, that the court could resolve the issues in a different manner, or that the questions raised deserve encouragement to proceed further.

The appeal is dismissed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual assault, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The evidence presented at the petitioner's criminal trial did not clearly establish whether the victim made the allegations of sexual abuse before or after Garcia told her that the petitioner would go to jail for touching her inappropriately.

[3] The conversation was documented in an investigative report.

[4] The respondent also argued that the petitioner explicitly waived any claim of ineffective assistance of counsel when he explicitly acknowledged and agreed that, by entering a guilty plea, he would not be able to return to court, challenge the performance of his attorneys, and withdraw his plea.

On March 8, 2017, however, the respondent withdrew his waiver argument.

[5] The criminal trial transcripts were admitted as full exhibits at the habeas trial.

[6] As discussed subsequently in this opinion, the habeas court did not make a finding as to deficient performance with regard to trial counsel's failure to investigate and present M.'s employment records. Rather, the habeas court found that the petitioner failed to prove that he was prejudiced by trial counsel's failure to present M.'s employment records.

---