******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MAURICE ROSS *v.* COMMISSIONER
OF CORRECTION
(AC 41091)

Lavine, Elgo and Bear, Js.

*Syllabus*

The petitioner, who had been convicted of murder and carrying a pistol or
revolver without a permit in connection with the shooting death of the
victim, sought a writ of habeas corpus, claiming, inter alia, that his
trial counsel had provided ineffective assistance in failing to call a
toxicologist as an expert witness in order to present an adequate intoxi-
cation defense. The habeas court rendered judgment denying the habeas
petition, from which the petitioner, on the granting of certification,
appealed to this court. *Held:*

1. The habeas court properly determined that trial counsel did not provide
   ineffective assistance by failing to present the expert testimony of a
   toxicologist; that court properly concluded that trial counsel's decision
   not to present an expert witness to testify about the effects of the drugs
   the petitioner had ingested was a reasonable trial strategy in response
   to the petitioner's unanticipated testimony that the gun had spontane-
   ously discharged.

2. The petitioner could not prevail on his claim that the habeas court erred
   in determining that trial counsel's failure to object to certain allegedly
   improper comments of the prosecutor during closing argument did not
   constitute deficient performance; this court having determined on the
   petitioner's direct appeal that the prosecutor's improper comments did
   not prejudice the petitioner or deprive him of a fair trial, that determina-
   tion constituted a valid final judgment that precluded the relitigation of
   that issue under the doctrine of collateral estoppel.

Argued January 2—officially released March 5, 2019

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland and tried to the court, *Sferrazza, J.*; judgment
denying the petition, from which the petitioner, on the
granting of certification, appealed to this court.
*Affirmed.*

*Robert L. O'Brien*, assigned counsel, with whom, on
the brief, was *Christopher Y. Duby*, assigned counsel,
for the appellant (petitioner).

*Melissa L. Streeto*, senior assistant state's attorney,
with whom, on the brief, were *Patrick Griffin*, state's
attorney, and *Rebecca Barry*, senior assistant state's
attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Maurice Ross, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims on appeal that the habeas court improperly rejected his claim that his trial counsel provided ineffective assistance by failing (1) to call a toxicologist as an expert witness in order to present an adequate intoxication defense and (2) to object to improprieties in the prosecutor's closing arguments. We affirm the judgment of the habeas court.

The following facts, as set forth by this court in affirming the petitioner's judgment of conviction, and procedural history are relevant to our disposition of the petitioner's appeal. "In early February, 2009, the [petitioner] and the victim, Sholanda Joyner, were involved in a romantic relationship. The two had known each other since they were children, and had dated intermittently during the preceding eleven years. The victim's relationship with the [petitioner] was, as the victim's sister described it, 'dysfunctional . . . .'

"Several days before February 5, 2009, the [petitioner] went to the victim's apartment on Woolsey Street in New Haven and encountered two of her male acquaintances. A physical altercation between the two men and the [petitioner] ensued, and the [petitioner] was forcefully ejected from the victim's apartment. Shortly thereafter, the [petitioner] purchased a revolver for the purpose of killing the two men. The [petitioner] returned to the victim's apartment the next morning and encountered the individuals who had assaulted him the previous day. After displaying the revolver, the [petitioner] took their money, cell phones, and some drugs. . . .

"On February 5, 2009, the victim appeared, crying . . . at her father's doorstep. Approximately two minutes later, the [petitioner] arrived and demanded that the victim leave with him. Over the protests of the victim's stepmother, the [petitioner] grabbed the victim by the arm and pulled her out the door. Later that evening, at the home of the victim's grandmother, the victim was crying and pleading with the [petitioner] to leave her alone. The [petitioner] again commanded the victim to depart with him, and the two left.

"After leaving the house of the victim's grandmother at approximately 11 p.m., the [petitioner] and the victim walked to the victim's apartment. Along the way, the victim stopped and purchased some ecstasy pills and phencyclidine (PCP). The victim and the [petitioner] smoked the PCP while en route to the victim's apartment. After arriving at the victim's home, the [petitioner] and the victim went into the victim's bedroom, and both of them ingested ecstasy. At some point, the [petitioner] retrieved a revolver and asked the victim

if she had 'set [him] up . . . .' The [petitioner] then fired one gunshot into her head, intentionally killing her. . . .

"The [petitioner] was arrested and charged with murder in violation of [General Statutes] § 53a-54a (a), and carrying a pistol or revolver without a permit in violation of [General Statutes] § 29-35 (a). At trial, the [petitioner] testified and admitted that he shot the victim. He claimed, however, that the gun had fired accidentally. The jury found the [petitioner] guilty of both charges. The court subsequently sentenced him to a total effective term of sixty years in prison." (Footnote omitted.) *State* v. *Ross*, 151 Conn. App. 687, 688–91, 95 A.3d 1208, cert. denied, 314 Conn. 926, 101 A.3d 271 (2014). On April 28, 2017, the petitioner filed an amended petition for writ of habeas corpus. On November 6, 2017, after a trial, the habeas court denied the petition and on November 15, 2017, granted the petitioner's petition for certification to appeal. This appeal followed. Additional facts will be set forth as necessary.

"It is well established that [a] criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings . . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . As enunciated in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], this court has stated: It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . The second prong is . . . satisfied if the petitioner can demonstrate that there is a reasonable probability that, but for that ineffectiveness, the outcome would have been different. . . . An ineffective assistance of counsel claim will succeed only if both prongs [of *Strickland*] are satisfied." (Citations omitted; internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, 169 Conn. App. 813, 823, 153 A.3d 8 (2016), cert. denied, 325 Conn. 904, 156 A.3d 536 (2017).

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Mourning* v. *Commissioner of Correction*, 169 Conn. App. 444, 449, 150 A.3d 1166 (2016), cert. denied, 324 Conn. 908, 152 A.3d 1246 (2017).

## I

The petitioner first claims that the habeas court improperly determined that trial counsel did not render ineffective assistance by failing to present the expert testimony of a toxicologist. The essence of the petitioner's argument is that this failure constituted deficient performance because the jury needed expert testimony to understand the scientific basis underlying the petitioner's intoxication defense and to properly determine whether the effects of the drugs he ingested could affect his ability to form the intent needed for a murder conviction. We are unpersuaded.

The following additional facts, as found by the habeas court, are relevant to the resolution of this claim. "[Trial counsel] consulted with an expert witness . . . Caroline Easton, [Ph.D,] about the influence that ingestion of ecstasy . . . and [PCP] typically exerts on people and may have exerted on the petitioner, in particular. . . . Easton was ready to testify at the petitioner's criminal trial that the illicit drugs consumed by the petitioner before the shooting can cause vivid delusions and visual and auditory hallucinations. . . .

"[Trial counsel] encountered an unexpected problem at the criminal trial in establishing a foundation for . . . Easton's testimony. The difficulty arose because the petitioner altered his version of events surrounding the shooting when he spoke to the state's expert and on the witness stand at his trial from that which he discussed with . . . Easton. The petitioner's later description attributed the firing of the weapon to an accidental discharge as he was attempting to put his pistol down rather than as the result of drug-induced derangement of his perceptions about his environment. This description conflicted with that which the petitioner had recounted to . . . Easton.

"[Trial counsel] asked . . . Easton to remain in attendance at the courthouse in case the petitioner's testimony reflected his earlier recitation . . . . However, once the petitioner ascribed the firing of the gun as purely the result of the accidental mishandling of the weapon, [trial counsel] chose to release . . . Easton."

The habeas court concluded that trial counsel's decision not to call Easton[1] to testify did not amount to deficient performance, stating that trial counsel's "assessment of the nonutility of [Easton's] testimony [was] within the realm of competent legal assistance. It is commonly understood that juries look askance at alternative defenses such as, 'I didn't do it, but if I did do it, I have a good excuse.' " We agree with the habeas court.

"[T]here is no requirement that counsel call an expert when he has developed a different trial strategy." *Stephen J. R.* v. *Commissioner of Correction*, 178 Conn. App. 1, 13, 173 A.3d 984 (2017), cert. denied, 327 Conn.

995, 175 A.3d 1246 (2018). "[T]here is no per se rule that requires a trial attorney to seek out an expert witness. . . . Furthermore, trial counsel is entitled to make strategic choices in preparation for trial." (Internal quotation marks omitted.) *Brian S.* v. *Commissioner of Correction*, 172 Conn. App. 535, 542, 160 A.3d 1110, cert. denied, 326 Conn. 904, 163 A.3d 1204 (2017). "The reasonableness of counsel's actions may be determined or substantially influenced by the [petitioner's] own statements or actions." *Strickland* v. *Washington*, supra, 466 U.S. 691.

In the present case, trial counsel's decision not to present an expert witness to testify about the effects of the drugs the petitioner ingested was a reasonable trial strategy in response to the petitioner's unanticipated testimony that the gun spontaneously discharged as he was attempting to put it down on the bedroom dresser. The petitioner, therefore, fails to meet his burden in demonstrating that he received deficient performance from his trial counsel. We conclude that the habeas court properly determined that trial counsel did not render ineffective assistance by not presenting expert testimony.

## II

The petitioner next claims that the habeas court erred in determining that counsel's failure to object to the prosecutor's improper comments made during closing argument did not constitute deficient performance. We disagree.

First, we note that "[t]he decision of a trial lawyer not to make an objection is a matter of trial tactics, not evidence of incompetency. . . . [T]here is a strong presumption that the trial strategy employed by a criminal [defendant's] counsel is reasonable and is a result of the exercise of professional judgment . . . ." (Internal quotation marks omitted.) *Moore* v. *Commissioner of Correction*, 119 Conn. App. 530, 543, 988 A.2d 881, cert. denied, 296 Conn. 902, 991 A.2d 1103 (2010).

In the present matter, trial counsel specifically testified before the habeas court that he "did not want to highlight" the improper comments, was "not confident that it was a winner" because "judges tend to give a fair leniency to the interpretation of evidence," and that he tries not to object unless he feels "very strongly that [he has] a winner" because "when you interrupt someone in an argument, you get really bad vibes out of a jury." As this court stated on the petitioner's direct appeal, "defense counsel may elect not to object to arguments . . . that he or she deems marginally objectionable for tactical reasons . . . ." (Internal quotation marks omitted.) *State* v. *Ross*, supra, 151 Conn. App. 702.

We need not, however, address whether trial counsel's failure to object constituted ineffective assistance,

as this court, on direct appeal, has already determined that the prosecutor's improper comments did not prejudice the petitioner. Id., 705-706. "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice." *Nardini* v. *Manson*, 207 Conn. 118, 124, 540 A.2d 69 (1988).

The petitioner claimed on direct appeal that "he was deprived of his constitutional right to a fair trial by prosecutorial impropriety. Specifically, [he] argue[d] that during closing and rebuttal argument, the prosecutor improperly argued facts not in evidence and appealed to the jury's emotions. [This court] agree[d] with the [petitioner] that at least one of the prosecutor's comments was improper, but conclude[d] that any improprieties did not deprive the [petitioner] of a fair trial." *State* v. *Ross*, supra, 151 Conn. App. 688.

"The fundamental principles underlying the doctrine of collateral estoppel are well established. The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment. . . . Collateral estoppel express[es] no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Internal quotation marks omitted.) *Cumberland Farms, Inc.* v. *Groton*, 262 Conn. 45, 58, 808 A.2d 1107 (2002). This court's determination in the petitioner's direct appeal that the prosecutor's improper comments did not cause prejudice to the petitioner constitutes a final judgment that precludes any relitigation of this issue.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The petitioner additionally argues that counsel's having retained Easton, who is not a physician, was not adequate to address his intoxication defense as "she simply could not do what a [toxicologist] could: explain these drugs so that the jury could comprehend them." The record is inadequate to address such a claim. "It is a well established principle of appellate procedure that the [petitioner] has the duty of providing this court with a record adequate to afford review." (Internal quotation marks omitted.) *Blum* v. *Blum*, 109 Conn. App. 316, 331, 951 A.2d 587, cert. denied, 289 Conn. 929, 958 A.2d 157 (2008). Moreover, the petitioner's intoxication defense was not viable due to the petitioner's testimony describing the discharge of the gun as an accident, thus rendering this argument moot.