******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

CHRYSOSTOME KONDJOUA *v.* COMMISSIONER
OF CORRECTION
(AC 43322)

Moll, Alexander and DiPentima, Js.

*Syllabus*

The petitioner, who had previously been convicted, on a guilty plea, of the
crime of sexual assault in the third degree, sought a second writ of
habeas corpus, claiming that his guilty plea was not made knowingly,
intelligently and voluntarily because, at the time of his plea, he was
under the influence of medication, he did not receive the benefit of an
interpreter and his trial counsel had coerced him. The habeas court sua
sponte dismissed the petition pursuant to the applicable rule of practice
(§ 23-29 (3)) as an improper successive petition. Thereafter, the habeas
court denied the petition for certification to appeal, and the petitioner
appealed to this court. *Held*:

1. The habeas court did not abuse its discretion in denying the petition for
   certification to appeal, the petitioner having failed to demonstrate that
   his claim involved an issue that was debatable among jurists of reason,
   that a court could resolve the issue in a different manner, or that the
   question raised was adequate to deserve encouragement to proceed
   further.

2. The petitioner could not prevail on his claim that the habeas court improp-
   erly dismissed his second habeas petition as an improper successive
   petition, as the second petition presented the same legal ground and
   sought the same relief as the first petition, and the petitioner failed to
   state new facts not reasonably available at the time of the first petition.

Argued October 7—officially released December 8, 2020

*Procedural History*

Petition for a writ of habeas corpus, brought to the
Superior Court in the judicial district of Tolland, where
the court, *Newson, J.*, rendered judgment dismissing
the petition; thereafter, the court denied the petition
for certification to appeal, and the petitioner appealed
to this court. *Appeal dismissed.*

*Peter G. Billings*, for the appellant (petitioner).

*Jennifer F. Miller*, assistant state's attorney, with
whom, on the brief, were *Margaret E. Kelley* and *Mat-
thew C. Gedansky*, state's attorneys, and *Angela Mac-
chiarulo*, senior assistant state's attorney, for the appel-
lee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Chrysostome Kond-joua, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus as an improper successive petition pursuant to Practice Book § 23-29 (3). On appeal, the petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly dismissed his habeas petition as successive. We dismiss the appeal.

In the petitioner's appeal from the denial of his first habeas petition, we set forth the following facts and procedural history. "The petitioner is a Cameroonian citizen who has resided in the United States since 2010 as a long-term, permanent resident with a green card. He was arrested on November 29, 2013, and charged with the sexual assault in the first degree of an eighty-three year old woman, for whom he had been working. The petitioner entered a plea of not guilty and elected a jury trial.

"On December 16, 2014, after the jury had been picked and evidence was set to begin, the petitioner accepted a plea agreement to the reduced charge of sexual assault in the third degree. Before accepting the petitioner's guilty plea, the trial court canvassed him. The trial court found that the plea was made knowingly, intelligently, and voluntarily, and ordered a presentence investigation. On March 4, 2015, the court sentenced the petitioner to the agreed disposition of five years of imprisonment, execution suspended after twenty months, with ten years of probation. The petitioner also was required to register as a sex offender for ten years. The petitioner did not file a direct appeal.

"While the petitioner was serving his sentence, the United States Department of Homeland Security (department) initiated deportation proceedings against him. The department cited the petitioner's March, 2015 conviction for sexual assault in the third degree as the ground for removal and stated that the petitioner was subject to removal because he had been convicted of an aggravated felony and a crime of moral turpitude, in violation of § 237 (a) (2) (A) (iii) and § 237 (a) (2) (A) (i) of the Immigration and Nationality Act, respectively. A warrant for the petitioner's arrest was served on July 14, 2015, and the petitioner was taken into the department's custody.

"On June 19, 2015, the petitioner, then self-represented, filed a petition for a writ of habeas corpus. Appointed counsel thereafter filed an amended petition. On October 17, 2017, counsel filed a second amended petition . . . . It alleged two claims: Ineffective assistance of trial counsel for the improper advice concerning the immigration consequences of a guilty plea and

a due process challenge to his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made. On December 19, 2017, the respondent, the Commissioner of Correction, filed a return alleging that the petitioner's due process claim was in procedural default. The petitioner filed a reply denying the allegations in the respondent's return on December 28, 2017.

"On May 16, 2018, the habeas court issued a memorandum of decision in which it denied the petition. The habeas court found that the petitioner failed to establish that trial counsel had rendered ineffective assistance. . . . Regarding the petitioner's second claim, the court found that the petitioner had not established cause and prejudice sufficient to overcome the procedural default." (Footnotes omitted.) *Kondjoua* v. *Commissioner of Correction*, 194 Conn. App. 793, 795–99, 222 A.3d 974 (2019), cert. denied, 334 Conn. 915, 221 A.3d 809 (2020). On appeal, this court rejected the petitioner's claims that the first habeas court erred in rejecting his ineffective assistance of counsel claim and in concluding that his second claim, that his plea was not made knowingly, intelligently, and voluntarily, was procedurally defaulted. Id., 799–807.

The self-represented petitioner filed a second habeas action on August 17, 2018. The petitioner alleged that his plea was not made knowingly, intelligently, and voluntarily because he had been under the influence of medication that caused him to become passive and to accept a guilty plea "unconsciously," he did not receive the benefit of an interpreter, and his counsel coerced him to plead guilty.[1] On July 11, 2019, the court, without holding a hearing on the petition, dismissed the petition sua sponte and found the following: "Upon review of the complaint in the above titled matter, the court hereby gives notice pursuant to Practice Book § 23-29 that the matter has been dismissed for the following reasons: (1) The petition is successive, in that it presents the same grounds as the prior petition . . . previously denied . . . and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition. More specifically, the prior petition made claims of ineffective assistance of counsel and a claim that the petitioner's guilty plea was not knowingly, voluntarily, and intelligently made, and a fair reading of the present complaint presents the same legal grounds, but without any new facts or evidence not known at the time of the prior petition, and seeks the same relief." The habeas court denied the petition for certification to appeal from the dismissal of the second habeas action. This appeal followed.

I

The petitioner claims that the court erred in denying his petition for certification to appeal from the court's dismissal of his second petition for being successive.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and the applicable legal principles. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed." (Internal quotation marks omitted.) *Mourning* v. *Commissioner of Correction*, 169 Conn. App. 444, 448, 150 A.3d 1166 (2016), cert. denied, 324 Conn. 908, 152 A.3d 1246 (2017).

On the basis of our review of the petitioner's substantive claim, we conclude that he has not shown that the court abused its discretion in denying his petition for certification to appeal.

II

The petitioner claims that the court improperly dismissed his second habeas petition as successive. Specifically, he argues that he raised new factual allegations and a new legal ground in his second petition. He contends that his first habeas petition centered on ineffective assistance rendered by trial counsel in failing to advise him of the immigration consequences of his guilty plea and that his second petition focused on the involuntariness of his plea as a result of the psychological effect of his medication, the lack of an interpreter, and the coercive conduct by trial counsel. We are not persuaded.

Our standard of review is well established. "The conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review. . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts in the record." (Internal quotation marks omitted.) *Zollo* v. *Commissioner of Correction*, 133 Conn. App. 266, 276, 35 A.3d 337, cert. granted, 304 Conn. 910, 39 A.3d 1120

(2012) (appeal dismissed May 1, 2013).

Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ." See *Diaz* v. *Commissioner of Correction*, 125 Conn. App. 57, 64–65, 6 A.3d 213 (2010) (Practice Book § 23-29 (3) memorialized ability to dismiss petition that presents same ground as previously denied petition and that fails to state new facts or to proffer new evidence not reasonably available at time of prior petition), cert. denied, 299 Conn. 926, 11 A.3d 150 (2011).

"In *Negron* v. *Warden*, [180 Conn. 153, 158, 429 A.2d 841 (1980)], [our Supreme Court] observed that pursuant to Practice Book § 531 [now § 23-29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without [a] hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing. [The court] emphasized the narrowness of [its] construction of Practice Book [§ 23-29] by holding that dismissal of a second habeas petition without an evidentiary hearing is improper if the petitioner either raises new claims or offers new facts or evidence. . . . *Negron* therefore strengthens the presumption that, absent an explicit exception, an evidentiary hearing is always required before a habeas petition may be dismissed."[2] (Emphasis omitted; internal quotation marks omitted.) *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 188–89, 192, 908 A.2d 581 (2006).

Pursuant to Practice Book § 23-29 (3), the habeas court sua sponte dismissed the second habeas petition as successive. In his first habeas petition, the petitioner claimed that his trial counsel had provided ineffective assistance by failing to advise him properly of the immigration consequences of pleading guilty and made a due process challenge to his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made. See *Kondjoua* v. *Commissioner of Correction*, supra, 194 Conn. App. 798–99. Specifically, with respect to the second claim, the petitioner had alleged that his guilty plea was not made knowingly, intelligently, and voluntarily due to the failure of trial counsel to advise him adequately of the immigration consequences of his guilty plea. See id., 805.

In his second habeas petition, the petitioner again claimed that his guilty plea was not made knowingly, intelligently, and voluntarily. Instead of claiming, as he had in his first petition, that the involuntary nature of his guilty plea was due to inadequate advice by trial counsel, the petitioner alleged in his second petition

that the involuntary nature of the plea was caused by the effects of medication, the lack of an interpreter, and coercion by trial counsel.

The petitioner argues that his second petition is not successive because his first petition alleged ineffective assistance of counsel and the second petition alleges the involuntariness of his guilty plea. We disagree. Both petitions challenge the voluntariness of the guilty plea. Although the factual allegations in the two operative petitions are not the same, it does not necessarily follow that the claims are not identical. "Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . They raise, however, the same generic legal basis for the same relief. Put differently, two grounds are not identical if they seek different relief." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 393, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012).

The legal ground and the relief sought by the petitioner here is the same in both the first and second petitions. Moreover, the petitioner cannot prevail on his argument that the second petition alleges new facts not reasonably available at the time of the first petition. See, e.g., *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 231, 888 A.2d 183 (successive petition premised on same legal grounds and seeking same relief will not survive dismissal unless petition is supported by allegations not reasonably available to petitioner at time of original petition), cert. denied, 277 Conn. 917, 895 A.2d 789 (2006); see also Practice Book § 23-29 (3). In the first habeas action, the petitioner's original nonoperative petition "alleged a due process violation claiming that his guilty plea was not made knowingly, intelligently, or voluntarily because he was under the influence of medication, trial counsel pressured him to plead guilty, and he had trouble understanding and communicating with trial counsel because English is not his first language and he did not always have the benefit of an interpreter during their conversations." *Kondjoua* v. *Commissioner of Correction*, supra, 194 Conn. App. 798 n.3. Although that petition was later amended to eliminate these precise grounds; see id., 798–99; the petitioner clearly knew of their existence at the time of the first petition, defeating any argument now made on appeal that these grounds were not reasonably available at the time of the first petition.

The habeas court was not required to determine the merits of the second habeas petition because, pursuant to Practice Book § 23-29 (3), the second petition presented the same ground as the first petition and the petitioner failed to state new facts not reasonably available at the time of the prior petition. See *McClendon* v. *Commissioner of Correction*, supra, 93 Conn. App. 231; see also Practice Book § 23-29 (3). The petitioner,

therefore, has not shown that the resolution of this claim involves an issue that is debatable among jurists of reason, that a court could resolve the issue in a different manner, or that the question is adequate to deserve encouragement to proceed further. Accordingly, we conclude that the habeas court did not abuse its discretion in denying his petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The petitioner also alleged that his trial counsel had rendered ineffective assistance. On appeal, the petitioner does not challenge the court's dismissal of his ineffective assistance claim as successive.

[2] The petitioner does not raise as a ground for reversal the lack of an evidentiary hearing.